IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


SIDDIQ B. A. ASAD,
        Petitioner,

vs.                                                        Case No.:  3:06cv138/LAC/EMT

JAMES R. McDONOUGH,
        Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1).  Respondent filed a motion to dismiss the petition as untimely (Doc. 15).  Petitioner filed a reply (Doc. 20).  At the direction of the undersigned, Respondent supplemented the record with additional documents (*see* Docs. 23, 24).  Petitioner admits the correctness of the supplemental material (*see* Doc. 26).

This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.       BACKGROUND AND PROCEDURAL HISTORY

Following a jury trial on January 26, 1999, Petitioner was found guilty in the Circuit Court in and for Escambia County, Florida, of one count of aggravated battery on a pregnant person and one count of false imprisonment (Doc. 16, Ex. B at 24, Ex. C).  He was adjudicated guilty and sentenced as a habitual felony offender to ten (10) years of incarceration followed by ten (10) years of probation on the aggravated battery charge and a concurrent term of 44.6 months of incarceration

on the false imprisonment charge (*id.*, Ex. B at 62-64, 121-25). Petitioner directly appealed the judgment of conviction and sentence to the Florida First District Court of Appeal (First DCA) (Doc. 16, Exs. E, F, G). On August 29, 2000, the First DCA affirmed the judgment per curiam without opinion (Doc. 16, Ex. H). Asad v. State, 778 So. 2d 284 (Fla. 1st DCA Aug. 29, 2000) (Table). On September 11, 2000, Petitioner's counsel filed a motion to withdraw as counsel and motion for extension of time to file a pro se motion for rehearing (Doc. 16, Ex. I, docket entry dated 09/11/2000). Counsel's motions were denied on September 21, 2000 (*id.*, docket entry dated 09/21/2000). The appellate court issued its mandate on February 8, 2001 (Doc. 20, Ex. 1).

On October 20, 2000, Petitioner filed a Motion for Mitigation or Reduction of Sentence, pursuant to Rule 3.800(c) of the Florida Rules of Criminal Procedure (Doc. 24, Ex. BB). Petitioner requested that the court reduce his sentence to thirty (30) months of imprisonment followed by thirty (30) months of probation on the aggravated battery count and thirty (30) months of imprisonment on the false imprisonment count (*id.* at 2). Petitioner alleged the following grounds in support of his motion: (1) the victim wrote a letter expressing her belief that Petitioner's sentence was too harsh and explaining that Petitioner battered her only after she began throwing objects when he tried to prevent her from taking sleeping pills; (2) the pre-sentence investigation report (PSI) incorrectly stated that he had been sentenced on three prior occasions; however, he was previously incarcerated only once when he was sentenced to concurrent terms of thirty (30) months upon his conviction for five felonies in three separate cases; (3) as reflected in his sentencing guidelines worksheet, prior to his conviction in the instant case, he had not been convicted of any crime involving drugs, sex, or violence; thus, although he had made mistakes, he was not a menace to society to warrant a prison term of the magnitude he received in the instant case; (4) the Department of Corrections was not providing him a "plan or goal" to fulfill the rehabilitative purpose of his sentence; and (5) he regretted his actions on the night of the battery and desired an opportunity to raise his children and be a productive member of society (*id.* at 2-3). On January 24, 2001, the trial court dismissed Petitioner's Rule 3.800(c) motion without prejudice for lack of jurisdiction because the appellate court had not issued its mandate in Petitioner's direct appeal of his conviction (Doc. 16, Ex. J). On February 1, 2001, Petitioner filed a motion for rehearing of the trial court's dismissal (Doc. 24, Ex. CC). On February 16, 2001, the trial court treated the motion for rehearing as a properly filed Rule

3.800(c) motion based on the facts alleged in his original motion, and the court denied the motion on the ground that Petitioner failed to show sufficient cause to reduce or modify the legal sentence imposed on April 8, 1999 (Doc. 16, Ex. K).  On February 27, 2001, Petitioner re-filed the same Rule 3.800(c) motion with the trial court (Doc. 24, Ex. EE).   The trial court denied the motion on March 23, 2001 (Doc. 16, Ex. L).

On February 8, 2002, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. 16, Ex. M at 98-211).  Following a limited evidentiary hearing, the trial court denied the motion (*id*. at 534-813).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written decision on June 8, 2005, with the mandate issuing July 26, 2005 (Doc. 16, Exs. Q, R).  Asad v. State, 906 So. 2d 1061 (Fla. 1st DCA June 8, 2005) (Table).[1]

On February 5, 2005, while Petitioner's appeal of his first Rule 3.850 motion was pending, Petitioner filed a second Rule 3.850 motion (Doc. 16, Ex. S at 1-7).  The trial court denied the motion on February 21, 2005 (*id*. at 8-65).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written decision on June 21, 2005, with the mandate issuing September 1, 2005 (Doc. 16, Exs. T, U).  Asad v. State, 908 So. 2d 1059 (Fla. 1st DCA June 21, 2005) (Table).

On July 24, 2005, Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure (Doc. 16, Ex. V at 1-5).  The trial court denied the motion on October 27, 2005 (*id*. at 6-17).  Petitioner appealed the decision to the First DCA, and the appellate court affirmed per curiam without written decision on March 28, 2006, with the mandate issuing May 22, 2006 (Doc. 16, Exs. W, X).  Asad v. State, 928 So. 2d 338 (Fla. 1st DCA Mar. 28, 2006) (Table).

Petitioner filed the instant habeas action on March 26, 2006 (Doc. 1 at 6).

II.   TIMELINESS

---

[1]During the pendency of this proceeding, Petitioner filed a petition for belated appeal with the First DCA alleging ineffective assistance of appellate counsel, but the court denied the petition.  *See* Asad v. State, 843 So. 2d 261 (Fla. 1st DCA Mar. 11, 2003) (Table).

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

In the instant case, Petitioner does not assert that he was prevented from filing his federal habeas petition by State action in violation of the Constitution or laws of the United States, that he bases any of his claims on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence prior to when his conviction became final.  Thus, the statute of limitations must be measured from the remaining statutory trigger, the date on which his conviction became final.  *See* 28 U.S.C. § 2244(d).

Respondent argues that Petitioner's conviction became final on November 27, 2000, ninety (90) days after the First DCA issued its decision affirming Petitioner's judgment of conviction and sentence (*see* Doc. 15 at 5).  In his reply to Respondent's motion to dismiss, Petitioner argues that his conviction did not become final until May 9, 2001, ninety (90) days after issuance of the First DCA's mandate affirming his conviction and sentence (*see* Doc. 20 at 2-3).

Petitioner's conviction became "final" for purposes of § 2244 when the ninety-day period to seek certiorari from the United States Supreme Court expired.  *See* Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004) (citing Bond v. Moore, 309 F.3d 770, 774 (11th Cir.

2002)); <u>Jackson v. Secretary for the Dep't of Corrections</u>, 292 F.3d 1347, 1349 (11th Cir. 2002).

Because Petitioner did not file a motion for rehearing,[2] Petitioner's judgment of conviction became

"final" for purposes of section 2244 on November 27, 2000, ninety days after the appellate court

issued its decision affirming his conviction.  *See* <u>Close v. United States</u>, 336 F.3d 1283, 1284-85

(11th Cir. 2003) (90-day period runs from date of entry of judgment and not from date of issuance

of mandate).  Accordingly, the federal limitations period expired on November 27, 2001, one year

later.

This court must next address whether the limitations period was tolled pursuant to statutory

or equitable tolling principles.  Section 2244(d)(2) provides:

> The time during which a properly filed application for State post-conviction
> or other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

In the instant case, the record shows that Petitioner filed his first Rule 3.800(c) motion on October

20, 2000.  Respondent asserts that the limitations period was not tolled during the pendency of

Petitioner's application for sentence reduction and modification under Rule 3.800(c), because such

application "is a request to the court to exercise its discretion or mercy and reduce the sentence . .

. not [a motion] or petition which challenged the judgement [sic] or sentence as required by 28

U.S.C. § 2244. . . ."  (Doc. 15 at 6-7).

The relevant portion of Rule 3.800 reads as follows:

> **(c)  Reduction and Modification.**  A court may reduce or modify to include any of
> the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within
> 60 days after the imposition, . . .

Fla. R. Crim. P. 3.800(c) (1998).  In his motion for modification, Petitioner did not contend his

sentence was illegal; rather, he stated that he was seeking relief under Rule 3.800(c) to reduce his

sentence to 30 months (*see* Doc. 24, Ex. BB).  Petitioner sought reduction of his sentence for the

reasons set forth *supra*, namely, because the victim expressed her belief that it was too harsh and

suggested that Petitioner battered her to prevent her from taking sleeping pills; the PSI was

incorrect; he was not a menace to society to warrant a prison term of the magnitude he received; the

---

[2]As previously noted, Petitioner's appellate counsel filed a motion to withdraw as counsel and a motion for
extension of time to file a pro se motion for rehearing, but the motions were denied (*see* Doc. 16, Ex. I).

Department of Corrections was not providing him programs to rehabilitate himself; and he was remorseful (*id.* at 2-3).

Florida's Rule 3.800(c) mitigation process is analogous to the state sentence review process which the Eleventh Circuit reviewed in <u>Bridges v. Johnson</u>, 284 F.3d 1201 (11th Cir. 2002).  In <u>Bridges</u>, a Georgia prisoner had been convicted pursuant to a guilty plea.  284 F.3d at 1202.  He did not appeal his convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6.  *Id.*  His application was denied.  *Id.*  The Eleventh Circuit reviewed the statutory sentence review process and determined that an application for review under the Georgia statute did not qualify as an application for state post-conviction relief under 28 U.S.C. § 2244(d).  The Eleventh Court based its decision upon the following factors:  (1) the sentence review panel's sole task was to determine whether the sentence was excessively harsh; (2) the statute provided that sentence review was available only to those prisoners who had been sentenced to more than twelve years in prison; (3) the review panel was not required to issue written opinions; (4) the panel was not authorized to increase or completely eliminate a sentence; and (5) the panel's decision was not reviewable.  *Id.* at 1203.  The Eleventh Circuit concluded that because the state statute was merely a means for comparing sentences to ensure accuracy, viewing it as means to toll the federal limitations period did not enhance exhaustion of state review or finality of state court judgments.  *Id.*

Applying the <u>Bridges</u> analysis to the instant case, the undersigned concludes that a motion for reduction or modification made pursuant to Fla. R. Crim. P. 3.800(c) does not qualify under the statute as "State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and does not toll the § 2244(d) limitations period.  A motion for modification or reduction under Rule 3.800(c) is commonly referred to as a motion to mitigate sentence.  It cannot be used to obtain relief from the judgment, <u>State v. Moten</u>, 698 So. 2d 1345 (Fla. 5th DCA 1997), or to contest the legality of the sentence, <u>Ferguson v. State</u>, 846 So. 2d 1168 (Fla. 4th DCA 2003).  The Rule further provides that it may not be used in cases where the death penalty has been imposed, or in cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.  Fla. R. Crim. P. 3.800(c).  Moreover, a motion for modification may not be used to increase or completely

eliminate a sentence.  Whether to grant a modification or reduction is a decision left to the sentencing court's discretion, and the judge's decision upon such motion is not reviewable.

Because the above discussion reveals that a Rule 3.800(c) application is merely a means for a defendant to seek a reduction in his legal sentence on the basis of factors which might be construed as mitigating, and is not an attack on the constitutionality or legal correctness of a sentence or judgment, viewing such an application as a means to toll the limitations period would not enhance exhaustion of state review or finality of state court judgments.  Therefore, this type of sentence review does not qualify under the statute as "State post-conviction or other collateral review," 28 U.S.C. § 2244(d)(2), and does not toll the § 2244(d) limitations period.

The next post-conviction motion filed by Petitioner was his Rule 3.850 motion; however, four hundred thirty-seven (437) days elapsed from November 27, 2000, the date Petitioner's conviction became final, to February 8, 2002, the date he filed his Rule 3.850 motion.  Because the 365-day federal limitations period had already expired when Petitioner filed the Rule 3.850 motion, that motion did not toll the limitations period.  *See* Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)).  The same is true for Petitioner's other applications for post-conviction relief, all of which were filed after November 27. 2001, the date the federal limitations period expired.  Therefore, Petitioner's habeas petition, filed on March 26, 2006, was obviously untimely.

For the aforementioned reasons, this court concludes that the instant petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's Motion to Dismiss (Doc. 15) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED with prejudice** as untimely.

3.      That all pending motions be **DENIED** as moot.

At Pensacola this 29th day of November 2006.


/s/ Elizabeth M. Timothy

**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).